# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ALERS and KEVIN CRAWFORD, individually and on behalf of all others similarly situated, <br><br><div align="center">Plaintiffs,</div><br><div align="center">v.</div><br> PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a AMERICAN EDUCATION SERVICES and FEDLOAN SERVICING, PERFORMANT RECOVERY, INC, TRANSWORLD SYSTEMS, INC., and ACCOUNT CONTROL TECHNOLOGY, INC. <br><br><div align="center">Defendants.</div> | Civil Action No. 2:20-cv-02073 <br><br> **CLASS ACTION** |

### MEMORANDUM IN SUPPORT OF
### PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY'S
### <u>RULE 11 MOTION FOR SANCTIONS</u>

Defendant Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and FedLoan Servicing ("PHEAA"), by counsel, submits the following Memorandum of Law in Support of its Motion for Sanctions against Plaintiffs' counsel pursuant to Fed. R. Civ. P. 11(c).

## **INTRODUCTION**

Plaintiffs violated Rule 11 violation by filing a frivolous lawsuit.  In their Complaint, Plaintiffs and their counsel inexplicably contend that a Pennsylvania *state* statute (the "PHEAA Act") applies to a *federally-regulated* administrative garnishment process utilized by PHEAA on behalf of the Department of Education. Plaintiffs and their counsel assert that PHEAA violated the state statute by garnishing Plaintiffs' wages at 15% rate, as opposed to 10%, and by assigning PHEAA's garnishment authority to third parties.

*These claims are frivolous and rest on Plaintiffs' misrepresentation of the applicable law*.  By its own plain and unambiguous terms, the PHEAA Act applies to *post-judgment garnishments through a writ of execution process*. 24 Pa. Cons. Stat. § 5104(11).  By contrast, the federal Higher Education Act (the "HEA") and its implementing regulations apply to *administrative garnishments* which permit garnishments at 15% rate and authorize assignment of garnishment functions to third parties.  20 U.S.C. § 1095a(a); 34 CFR § 682.410.

Plaintiffs' counsel are well-aware of this distinction.  *According to Plaintiffs' own allegations, PHEAA utilized an administrative wage garnishment process governed by the HEA and its regulations*.  In fact, Plaintiffs go as far as citing the HEA in their Complaint.

But even assuming *arguendo* that Plaintiffs' counsel was initially confused about the law and its application to facts, they had multiple opportunities to dismiss the lawsuit.  Shortly after the Complaint filing, PHEAA's in-house counsel reached out to Plaintiffs' counsel explaining to them the statutory language, PHEAA's garnishment process, and courts' rulings on relevant issues.  PHEAA's counsel further warned Plaintiffs' counsel that a Rule 11 motion would ensue if Plaintiffs were to pursue their claims.  Instead of dismissing the case, Plaintiffs' counsel persisted.  After PHEAA filed its Motion to Dismiss, it served (but did not file) its Rule 11 motion.  Plaintiffs' counsel had another opportunity to dismiss the Complaint.  Instead, Plaintiffs' counsel persisted.  Indeed, PHEAA waited to file this motion until Plaintiffs' counsel had the additional benefit of PHEAA's Reply Memorandum.

This conduct is inexcusable: Plaintiffs' counsel had plenty of time to fulfil their duty of a reasonable pre-filing investigation which they utterly failed to do.  Further, this was not a situation where Plaintiffs' counsel relied on false statements of their clients.  To the contrary, Plaintiffs' counsel had all the information they needed to realize that their claims were baseless.  The legal and factual issues implicated were straightforward: the language of both statutes is clear and unambiguous.  Nonetheless, in the face of multiple warnings, Plaintiffs' counsel

chose to double down and force PHEAA to expend the resources in defending against Plaintiffs' frivolous claims.

The inevitable outcome of this case will be dismissal with prejudice, whether voluntary or involuntary.  However, this is not a "no harm, no foul" matter.  PHEAA has incurred a real and substantial investment of time and money in defending against this lawsuit.  Without an appropriate sanction, nothing will deter Plaintiffs' counsel from bringing other frivolous lawsuits in the hope that someone will settle just to avoid spending money on briefing dispositive motions or pursuing Rule 11 sanctions.  For this reason, the logical and proportionate sanction is the award of Defendants' attorney's fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background is fully set forth in PHEAA's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The following recital is limited to the facts relevant to this motion.

The Complaint alleges that Plaintiffs Jason Alers and Kevin Crawford defaulted on their student loans and their wages were garnished pursuant to the Orders of Withholding from Earnings ("OOWs"), attached as **Exhibits 1-2** hereto, referenced in the Complaint as "Administrative Garnishment Orders."  Compl. ¶¶ 30, 45-46, 112-113, 128-129.  The OOWs directed Plaintiffs' employers to withhold 15% of their disposable pay "[p]ursuant to the authority granted [PHEAA] by federal

law (Public Law 102-164, as amended by Public Law 109-171; 20 U.S.C. § 1095a et seq.)."  Exs. A-B.  Plaintiffs further allege that their wages were in fact garnished at a rate over 10%.  Compl. ¶¶ 16-17.  The Complaint does not allege that any judgment was ever obtained against Plaintiffs for breach of their student loan agreements.

On April 29, 2020, Plaintiffs filed the Complaint in this Court claiming that PHEAA violated a state statute, 24 PA. CONS. STAT. § 5104, which imposes a 10% rate cap for *post-judgment* garnishments that are enforced through a *writ of execution*.  Compl. *passim*.

On May 6, 2020, inhouse counsel for PHEAA spoke with Plaintiffs' counsel in an effort to understand how and why this frivolous Complaint was filed.  Later that day, counsel for PHEAA sent a thorough letter to Plaintiffs' counsel explaining PHEAA's functions in its capacity as the guarantor of federal student loans, the governing laws, the administrative garnishment process under the HEA (which does not require an entry of judgment or any court involvement), and inapplicability of 24 PA. CONS. STAT. § 5104 which applies only to enforcement of judgments.  PHEAA's counsel asked that Plaintiffs dismiss the Complaint voluntarily to avoid a Motion for Sanctions under Rule 11.  A copy of the May 6, 2020 letter is attached hereto as **Exhibit 3**.

On May 11, 2020, Plaintiffs' counsel responded, without any explanation as to the basis of their claims and without any reference to authorities on which Plaintiffs rely in bringing their claims, that the lawsuit was meritorious and that PHEAA was free to pursue a dispositive motion.  A copy of the May 11, 2020 letter is attached hereto as **Exhibit 4**.

On May 18, 2020, Plaintiffs served their Complaint on PHEAA.  PHEAA responded to the Complaint by filing a (1) Motion to Transfer Venue Under 28 U.S.C. § 1404(a) [Dkt. 31], (2) a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss [Dkt. 32]; and (3) a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [Dkt. 33].   On July 1, 2020, PHEAA served a Motion for Sanctions and Memorandum in Support upon Plaintiff's counsel pursuant to Fed. R. Civ. P. 11.

Plaintiffs declined withdraw their Complaint in response to the Motion for Sanctions, and instead filed oppositions to all three of PHEAA's motions. [Dkt. 39-41].  PHEAA filed reply briefs to these three motions. [Dkt. 42, 43 and 45].  PHEAA now files its Rule 11 Motion for Sanctions and Memorandum in Support.

## STANDARD OF REVIEW

Rule 11 of the Federal Rules of Civil Procedure provides that:

By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

Rule 11 further provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

As the United States District Court for the Middle District of Pennsylvania explained:

> *"[T]he central purpose of Rule 11 is to deter baseless filings in district court ...* . *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Id. ... **The standard for testing conduct under Rule 11 is reasonableness under the circumstances** ...* . "To comply with these requirements, counsel must conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" *Mary Ann Pensiero, Inc.*, 847 F.2d 90, 94 (3d Cir. 1988).

*Keister v. PPL Corp., IBEW, Local 1600*, 253 F. Supp. 3d 760, 785 (M.D. Pa. 2015)

(hereinafter, *Keister I*) (certain citations omitted for brevity).

To assess the reasonableness of counsel's pre-filing inquiry, the Third Circuit frequently looks to the following factors: "'the amount of time available to the signer for conducting the factual and legal investigation; the necessity for reliance on a client for the underlying factual information; the plausibility of the legal position advocated; . . . whether the case was referred to the signer by another member of the Bar . . . [; and] the complexity of the legal and factual issues implicated.'" *In re Taylor*, 655 F.3d 274, 284 (3d Cir. 2011) (quoting *Mary Ann Pensiero, Inc.*, 847 F.2d at 95).

## ARGUMENT

### I.   Plaintiffs' counsel violated Rule 11 by filing the frivolous lawsuit.

The factors outlined by the Third Circuit Court of Appeals compel the finding of a violation under Rule 11 because (A) Plaintiffs' counsel had ample time to complete a reasonable pre-filing inquiry; (B) counsel obtained from their clients the factual information that should have told counsel not to proceed with the lawsuit; (C) the legal position taken in pursuing Plaintiffs' claims is baseless; (D) the legal and factual issues implicated are far from complex; and (E) Plaintiffs' counsel pressed on with the Complaint for the purpose of needlessly increasing the cost of litigation, at the Defendants' expense.

### A.   Plaintiffs' counsel had ample time to conduct a reasonable pre-filing inquiry.

Unlike a situation where an attorney has to make urgent decisions in the midst of active litigation with a tight schedule, Plaintiffs' counsel had the opportunity to consider carefully the facts and the law prior to deciding whether to file this putative class action in the first place. *In re Taylor*, 655 F.3d at 285 (affirming award of Rule 11 sanctions, emphasizing that the matter did not involve "extraordinary deadline pressure"). It is evident that they did not do so here.

"The rule imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Keister I*, 253 F. Supp. at 785. Plaintiffs' counsel disregarded this duty entirely and proceeded with Plaintiffs' claims for violations of a state statute which, by its own plain and unambiguous language, does not apply to the federal administrative garnishment process utilized by PHEAA with respect to Plaintiffs. Not only did Plaintiffs' counsel have ample time to conduct an inquiry, but they were given multiple opportunities to dismiss the Complaint after being informed about their error. Therefore, the first factor militates in favor of granting this motion.

**B.      The information received by Plaintiffs' counsel put them on notice that no factual basis existed for Plaintiffs' claims.**

As the Complaint makes clear, Plaintiffs' counsel knew that PHEAA used an administrative garnishment process, as opposed to a post-judgment garnishment mechanism. To be sure, nowhere in the Complaint do Plaintiffs allege that PHEAA obtained any court judgments against them or that any court was involved at all in

PHEAA' garnishments.  Instead, Plaintiffs refer repeatedly to the "Administrative Garnishment Orders" issued under the HEA.  *See* Compl. ¶¶ 30, 112-113, 128-129.

In other words, "[t]his was not a case where counsel lacked time to make a proper inquiry, where a client perjured testimony, or where counsel had to rely on some other unproven source of information."   *Keister v. PPL Corp.*, 318 F.R.D. 247, 262 (M.D. Pa. 2015) (hereinafter, *Keister II*).  Rather, Plaintiffs' counsel had all the information needed to realize that the claims had no basis in fact or law.  But, instead of fulfilling their duty to "stop" at the proverbial railroad crossing, Plaintiffs' counsel marched right ahead with a frivolous lawsuit in violation of Rule 11. *Deitrick v. Costa*, No. 4:06-CV-01556, 2019 U.S. Dist. LEXIS 71963, at *8 (M.D. Pa. Feb. 22, 2019) (stating that sanctions are appropriate when the claimant exhibits a "deliberate indifference to obvious facts") (citations omitted).

Although the foregoing, by itself, is sanctionable behavior, there is other evidence of Plaintiffs' counsel's deliberate or reckless disregard of their duties. For example, Plaintiffs sued Defendants TransWorld Systems, Inc. and Account Control Technology, Inc., yet there are no facts whatsoever in this Complaint suggesting that these entities were in any way involved with Plaintiffs' loans.  Compl. *passim.* The only mention of these entities is a general description of who they are and where they are located at the beginning of the Complaint, and then they are never referenced again. *Id.* ¶¶ 21-22.  The inclusion of defendants simply because they

have a business relationship with PHEAA, without any actual factual allegations tying them to the Plaintiffs, further exposes Plaintiffs' approach to this case.

Similarly, the Complaint repeatedly suggests that PHEAA violated 24 PA. CONS. STAT. § 5104(11) with respect to *both* Plaintiffs by its assigning wage garnishment rights to third parties or representing that it could do so. *See, e.g.,* Compl. ¶¶ 9, 37(c). Yet there are no factual allegations indicating the garnishment of Alers' wages was ever handled by any entity other than PHEAA.  (Nor was it.) In an effort to make their claims seem more viable than they are, Plaintiffs' counsel attempt to allege the same claims and causes of action for both Plaintiffs, even though the supporting facts for a claim based on an "assignment" simply do not exist for Alers.  Again, Plaintiffs' counsel have asserted claims with absolutely no factual basis – a blatant Rule 11 violation. Sanctions are appropriate to deter this kind of behavior.

### C.     The legal position advocated by Plaintiffs' counsel is frivolous.

Plaintiffs were informed on multiple occasions about the frivolity of their legal position, which is set forth fully in PHEAA's Memorandum in Support of its Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

This is not a case where Plaintiffs' novel claims were warranted either by "existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law." *Keister II*, 318 F.R.D. at 263.  The

language of both statutes and the facts of the case leave no room for debate:

| | |
|---|---|
| By its own plain and unambiguous terms, the PHEAA Act applies to *post-judgment garnishments through a writ of execution process*. 24 Pa. Cons. Stat. § 5104(11). | By contrast, the federal Higher Education Act (the "HEA") and its implementing regulations apply to *administrative garnishments*. 20 U.S.C. § 1095a(a); 34 CFR § 682.410. |
| The PHEAA Act limits a post-judgment garnishment rate to 10% of the borrower's pay and prohibits an assignment of PHEAA's garnishment authority to third parties. *Id.* | The HEA and its regulations authorize a garnishment rate of up to 15% of a borrower's disposable pay and permit third parties to perform administrative garnishments. *Id.* |

Plaintiffs do not allege that PHEAA sought to obtain any judgment or any writ

of execution (nor did PHEAA ever do so).  Instead, *they affirmatively allege that*

*PHEAA represented in the "Administrative Garnishment Orders" that it had the*

*authority "under the Higher Education Act" to garnish wages at 15% interest rate*

*and to assign PHEAA's authority to third parties*.  Compl. ¶¶ 45-46, 112-113.

Plaintiffs even cite the HEA in their own Complaint. *Id.* ¶ 112 n. 43 (citing 20 U.S.C.

§ 1095a).  Furthermore, the HEA-implementing regulations expressly permit a

guaranty agency to "use a third-party servicer or collection contractor to perform

administrative activities associated with administrative wage garnishment…." 34

CFR § 682.410(b)(9)(T)(1).

*Thus, all of the alleged actions which Plaintiffs attempt to characterize as unlawful are in fact expressly permitted by applicable federal law – the very same law cited in the OOWs sent to Plaintiffs' employers.* *See* Ex. 1-2.  Plaintiffs have, essentially, plucked a state statute out of thin air and are trying to manufacture a claim where none exists by alleging – without any evidence – that PHEAA was operating under the state statute instead of the federal garnishment laws and regulations that PHEAA actually utilized.   Moreover, PHEAA is expressly authorized to act in accordance with applicable Federal law. 24 PA. CONS. STAT. § 5104(1).  In sum, the legal position advocated by Plaintiffs' counsel is frivolous.

**D.      The implicated legal and factual issues are not complex.**

As already described above, "[t]his was not a matter of extreme complexity...."  *In re Taylor*, 655 F.3d at 285.

The pre-filing inquiry in this case required nothing more than (1) reading through Plaintiffs' OOWs which expressly state that they are issued under the HEA, 20 U.S.C. § 1095a, not the Pennsylvania state statute; and (2) comparing Section 1095a – which permits administrative garnishments of up to 15% of the borrower's disposable pay – with 24 Pa. Cons. Stat. § 5104(11) which explains plainly that it applies to *enforcement of judgments through a writ of execution*, not to federally-regulated administrative garnishments under the HEA.  Plaintiffs' counsel would not even need "a normally competent level of legal research," *Mary Ann Pensiero, Inc.*,

13

847 F.2d at 94, to realize that Plaintiffs' claims were non-starters.  Accordingly, this factor also militates in favor of finding a Rule 11 violation.

### E.   Plaintiffs' counsel persisted with the lawsuit for an improper purpose of needlessly increasing the cost of litigation.

Even if Plaintiffs' counsel was initially confused about the law, PHEAA afforded them an opportunity to withdraw their Complaint shortly after the filing. Not only did PHEAA's inhouse counsel speak to Plaintiffs' counsel, he also sent them a thorough explanation of the applicable law and asked that Plaintiffs dismiss their claims voluntarily to avoid a Rule 11 motion.  Ex. 3.

Instead of dismissing the Complaint, Plaintiffs' counsel responded with bold assertions that their claims were meritorious and invited PHEAA to file a dispositive motion.  Put differently, Plaintiffs' counsel "persisted in adding more floors to this house of cards, and did so recklessly and without caution." *Shank v. Levin*, No. 1:14-cv-1811, 2018 U.S. Dist. LEXIS 236024, at *32-33 (M.D. Pa. Feb. 8, 2018) (granting Rule 11 motion against an attorney made frivolous allegations in his complaint, awarding defendants' attorneys' fees and costs).  Plaintiffs' counsel had multiple opportunities to dismiss the Complaint, including when PHEAA initially reached out to Plaintiffs' counsel to explain why no claim existed.  They decided to proceed. This resolve to pursue the frivolous lawsuit and force PHEAA to expend resources on a dispositive motion was not just unreasonable; it was bad faith conduct which should be sanctioned pursuant to Rule 11.  *Keister II*, 318 F.R.D. at 259

(awarding defendants' fees and costs where plaintiff's counsel continued litigating a meritless lawsuit even after "[h]e was afforded ample time to get the facts straight").

## II.    **Award of Defendants' fees and costs is an appropriate sanction.**

Once a violation of Rule 11 has been established, a district court 'has discretion to tailor sanctions to the particular facts of the case.'" *Keister II*, 318 F.R.D. at 256-57 (quoting *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). "The basic principle governing the choice of sanctions" is to impose "the <u>least severe</u> sanctions <u>adequate</u> to serve ... Rule 11's central purpose: 'deterrence of frivolous lawsuits.'" *Id.* (emphasis in the original). Consistent with the Advisory Committee Notes to Rule 11, courts in the Third Circuit consider the following factors in deciding what sanction will be adequate in a particular case:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.

*Keister II*, 318 F.R.D. at 256-57.  While the standard for awarding a monetary sanction, such as fee shifting, is stringent, the filing of a frivolous pleading is one of

the "exceptional circumstances" that merits an award of the other party's reasonable attorney's fees and costs. *Doering*, 857 F.2d at 194 (affirming an award of attorney's fees against an attorney for filing a frivolous complaint). Applying this guidance, an order that Plaintiffs' counsel pay Defendants' reasonable attorney's fees and costs is an appropriate sanction here.

*First*, the filing of Plaintiffs' frivolous Complaint had to have been willful because only a deliberate disregard for the law and the facts could have resulted in Plaintiffs' counsel advancing the meritless claims. But even if the pre-filing investigation was merely negligent, subsequent refusal to dismiss the lawsuit – after PHEAA gave Plaintiffs multiple opportunities to do so – transformed negligence into willfulness because, at that point, Plaintiffs' counsel could no longer claim ignorance of the applicable law and the underlying facts.

*Second*, the violation – filing of a meritless Complaint – infected the entire action, not just a part of a pleading or one claim or defense. *Every* count of the Complaint is premised on the same frivolous theory – that the state statute's 10% cap on garnishment rate applies. This entire lawsuit should not have been filed.

*Third*, Plaintiffs' counsel's refusal to dismiss the case after they knew that it was frivolous and their express invitation that PHEAA pursue dispositive motion practice were clearly intended to injure PHEAA by forcing it to expend substantial funds in defending against this lawsuit.

*Fourth*, the responsible individuals are not just trained in the law, they have decades of experience in complex litigation.[1]

*Finally*, the financial resources of Plaintiffs' counsel are significant. Both Hausfeld LLP and Lite Depalma Greenberg LLC are multi-attorney, multi-office law firms which have the ability to pay the Defendants' attorney's fees and costs and will not drive Plaintiffs' counsel out of business. Accordingly, an award of Defendants' attorney's fees in this case will not offend any equitable considerations. *Doering*, 857 F.2d at 195 ("Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction ... should be guided by equitable considerations."). Any lesser sanction will fall on deaf ears and fail to accomplish the deterrence objective of Rule 11 sanctions. *Id*. at 193 ("deterrence of frivolous lawsuits [is] served by the rule, which provides for compensation to defendants to reimburse them for legal fees that they should not have been forced to incur").

## CONCLUSION

WHEREFORE, Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and FedLoan Servicing respectfully requests that the Court grant its Motion for Sanctions, award it all attorneys' fees and costs incurred

---

[1] *See* Brent Landau's Bio, https://www.hausfeld.com/our-people/brent-w-landau?lang_id=1; Steven Greenfogel's Bio, https://www.litedepalma.com/steven-j-greenfogel; Mindee Reuben's Bio, https://www.litedepalma.com/mindee-j-reuben.

in filing this motion for sanctions and defending against Plaintiffs' meritless claims

and grant it such further relief as the Court deems just and proper.

Dated: November 4, 2020                  Respectfully submitted,

                                         PENNSYLVANIA HIGHER EDUCATION
                                         ASSISTANCE AGENCY D/B/A
                                         AMERICAN EDUCATION SERVICES
                                         AND FEDLOAN SERVICING

                                          /s/ *John C. Lynch*
                                         John C. Lynch (VSB No. 39267) (admitted
                                         *pro hac vice*)
                                         Maryia Y. Jones (VSB No. 78645) (admitted
                                         *pro hac vice*)
                                         Troutman Sanders LLP
                                         222 Central Park Ave, Suite 2000
                                         Virginia Beach, VA  23462
                                         Telephone: (757) 687-7500
                                         Facsimile: (757) 687-7510

                                         Justin G. Weber (PA 89266)
                                         PEPPER HAMILTON LLP
                                         100 Market Street
                                         Suite 200, P.O. Box 1181
                                         Harrisburg, PA 17108
                                         (717) 255-1170

                                         Christopher R. Healy (PA 326965)
                                         PEPPER HAMILTON LLP
                                         3000 Two Logan Square
                                         Eighteenth & Arch Streets
                                         Philadelphia, PA 19103-2799
                                         (215) 981-4000

                                         *Counsel for Defendant Pennsylvania Higher*
                                         *Education Assistance Agency d/b/a American*
                                         *Education Services and FedLoan Servicing*